JULIUS MENDELSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21243.    Promulgated December 29, 1930.

*Joseph Getz, C. P. A.,* for the petitioner.
*Ralph S. Scott, Esq.,* for the respondent.

OPINION.

Trammell: The allegations of error contained in the original petition were abandoned by the petitioner at the hearing, and on motion duly granted, the petition was amended to allege that the respondent erred in failing to find that the petitioner " sustained in the conduct of a trade or business a net operating loss, during the years 1921 and 1922, as successor of the Juno Waist Company, after December 31, 1920; which net loss, under Section 204 of the Revenue Act of 1921, is applicable to the years 1923 and 1924." The respondent entered a general denial. The petitioner's proposed findings of fact have been adopted by us, as set out hereinabove, without material change.

The petitioner contends that in the early part of 1921 he took over the business formerly carried on by the corporation, Juno Waist Co., Inc., and thereafter continued the business as a sole proprietorship. This we have found to be a fact. He also contends that he sustained losses in the operation of this waist business in 1921 and 1922, amounting to $14,471.17 and $12,157.69, respectively. These facts we have also found from the evidence. The petitioner further avers, and the respondent denies, that said operating losses constitute " net losses " under the statute, deductible from income for the taxable years 1923 and 1924.

With respect to net losses, the Revenue Act of 1921 provides:

Sec. 204. (a) That as used in this section the term " net loss " means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer * * * and when so resulting means the excess

of the deductions allowed by section 214 or 234, as the case may be, over the sum of the following: (1) the gross income of the taxpayer for the taxable year, (2) the amount by which the interest received free from taxation under this title exceeds so much of the interest paid or accrued within the taxable year on indebtedness as is not permitted to be deducted by paragraph (2) of subdivision (a) of section 214 or by paragraph (2) of subdivision (a) of section 234, (3) the amount by which the deductible losses not sustained in such trade or business exceed the taxable gains or profits not derived from such trade or business, (4) amounts received as dividends and allowed as a deduction under paragraph (6) of subdivision (a) of section 234, and (5) so much of the depletion deduction allowed with respect to any mine, oil or gas well as is based upon discovery value in lieu of cost.

The Revenue Act of 1924, in section 206 (a) contains provisions substantially similar to those above quoted from the 1921 Act, in so far as pertinent to this proceeding.

We have found that the losses sustained in the operation of the waist business were losses resulting from the operation of a trade or business regularly carried on by the petitioner, but something more is necessary in order to constitute them " net losses " within the meaning of the statute above referred to. Only the first requirement of the statute has been met. To sustain the petitioner's contention, it must be shown in addition that the losses in question represent the excess of his allowable deductions for the respective years over the sum of (1) the gross income for each taxable year, plus (2) the amount by which any tax-free interest received by him exceeded nondeductible interest paid or accrued, plus (3) the amount by which deductible losses not sustained in said business exceeded the taxable gains not derived from said business, and plus (4) the amount of any depletion allowance based upon discovery value in lieu of cost.

We do not know the amount of the petitioner's allowable deductions, nor the amount of his gross income, for either of the years in question. So far as we are informed, the petitioner may have had income from rents, interest or many sources other than the waist manufacturing business sufficient to reduce materially or indeed to wipe out entirely the losses sustained from the operation of said business, nor does the record disclose the amount, if any, by which tax-free interest received by the petitioner exceeded the amount of nondeductible interest paid. We can not say, therefore, that the losses sustained in the operation of the waist business constitute " net losses " within the meaning of the statute.

For lack of evidence to show error, the determinations of the respondent are approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*